

LEVIN PAPANTONIO RAFFERTY

Proctor | Buchanan | O'Brien
Barr | Mougey | P.A.

KIMBERLY LAMBERT ADAMS
KATHRYN L. AVILA
BRIAN H. BARR
BRANDON L. BOGLE
W. TROY BOUK
WESLEY A. BOWDEN
VIRGINIA M. BUCHANAN
J. CALEB CUNNINGHAM
SARAH SHOEMAKE DOLES
(LICENSED ONLY IN MISSOURI AND ILLINOIS)
LAURA S. DUNNING
(LICENSED ONLY IN ALABAMA)
JAN K. DURRANI
JEFF R. GADDY
RACHAEL R. GILMER
BRENTON J. GOODMAN

CHELSIE L. GREEN
MARTIN H. LEVIN
ROBERT M. LOEHR
STEPHEN A. LUONGO
M. JUSTIN LUSKO
NEIL E. McWILLIAMS, JR.
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN
MIKE PAPANTONIO
SARA T. PAPANTONIO
CHRISTOPHER G. PAULOS
EMMIE J. PAULOS
MADELINE E. PENDLEY
ALYSON M. PETRICK
(LICENSED ONLY IN MISSOURI)

CARISSA PHELPS
(LICENSED ONLY IN CALIFORNIA)
A. RENEE PRESTON
PAGE A. POERSCHKE
(LICENSED ONLY IN ALABAMA)
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
W. CAMERON STEPHENSON
THOMAS A. TAYLOR
REBECCA K. TIMMONS
CHRISTOPHER V. TISI
(LICENSED ONLY IN WASHINGTON, D.C. AND MARYLAND)
BRETT VIGODSKY
SCOTT WARRICK
HILARY WOODS

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)
FREDRIC G. LEVIN (1937-2021)
LEO A. THOMAS (1972-2021)

RETIRED:
M. ROBERT BLANCHARD
CLAY MITCHELL

OF COUNSEL:
WILLIAM F. CASH III
C. ANDREW CHILDERS
ROSS M. GOODMAN
BEN W. GORDON, JR.
LARUBY MAY
WILLIAM B. YOUNG, JR.

**January 31, 2023**

**VIA CM/ECF**
The Honorable Taryn A. Merkl
United States District Court
For the Eastern District of New York
225 Cadman Plaza East, Room 317 North
Brooklyn, New York 11201

      Re: *Tavera, et al. v. HSBC Bank USA, N.A., et al.*, No. 18-cv-07312-LDH-TAM ("*Tavera*")

Dear Judge Merkl:

Plaintiffs, the Stipulating Defendants,[1] and Defendant Crédit Agricole S.A. ("CASA") (together, the "Parties"), jointly write pursuant to the Court's order dated December 6, 2019, ECF No. 56, which approved the Parties' stipulation to the continuation of the stay of *Tavera* until thirty (30) days after the resolution of any appeal of the judgment in the matter 14 Civ. 06601 (PKC-CLP) ("*Freeman I*").

The Second Circuit Court of Appeals issued its decision in the appeal of *Freeman I* on January 5, 2023. *See Freeman v. HSBC Holdings PLC*, No. 19-3970 (2d Cir. Jan. 5, 2023). In its opinion on January 5, 2023, the Second Circuit affirmed the dismissal of the complaint in *Freeman I*. The Court of Appeals held that the plaintiffs there, who had not pursued their ATA primary liability claim on appeal, had failed to state a JASTA conspiracy claim, and that they had "forfeited their JASTA aiding-and-abetting claims by raising them for the first time in a motion for reconsideration." *Freeman* at pp. 7, 38-41. Accordingly, the Second Circuit did not substantively address the claims for ATA/JASTA secondary liability for "aiding and abetting" in its *Freeman* opinion. *Id.*

---

[1] The Stipulating Defendants are HSBC Bank USA, N.A.; HSBC Holdings plc; HSBC Bank plc; HSBC Bank Middle East Limited; HSBC North America Holdings, Inc.; Barclays Bank PLC; Barclays Bank PLC, New York Branch; Standard Chartered Bank; Standard Chartered Bank, New York Branch; The Royal Bank of Scotland N.V.; The Royal Bank of Scotland plc; The Royal Bank of Scotland plc, New York Branch; Credit Suisse AG; Credit Suisse AG, New York Branch; BNP Paribas S.A.; BNP Paribas S.A., New York Branch; Deutsche Bank AG; Deutsche Bank AG, New York Branch; Crédit Agricole Corporate & Investment Bank; Crédit Agricole Corporate & Investment Bank, New York Branch; Commerzbank AG; Commerzbank AG, New York Branch.

The Honorable Taryn A. Merkl
Re: *Tavera, et al. v. HSBC Bank et al.*, Case No. 18-cv-07312-LDH-TAM
January 31, 2023
Page 2

In Tavera Plaintiffs do allege claims for aiding and abetting in their Complaint. Because the Court of Appeals did not reach the merits of these claims in *Freeman*, the Parties did not receive the thorough guidance on those claims that would likely otherwise have been provided by the Second Circuit. The Parties anticipate that forthcoming motions to dismiss will litigate the allegations of aiding and abetting in the Complaint.

There is now another ATA/JASTA case scheduled to be heard by the United States Supreme Court this term – *Twitter, Inc. v. Taamneh*, et al., No. 21-1496 – in which the contours and pleading standards for aiding and abetting liability will be addressed ("*Twitter*"). The *Twitter* case comes out of the Ninth Circuit and involves social media companies Twitter, Facebook (n/k/a Meta), and Google, who allegedly aided and abetted the terrorist organization, ISIS, when that terrorist organization used social media platforms to facilitate its terrorist enterprise. Specifically, the questions presented to the Supreme Court are:

1. Whether a defendant that provides generic, widely available services to all its numerous users and "regularly" works to detect and prevent terrorists from using those services "knowingly" provided substantial assistance under Section 2333 merely because it allegedly could have taken more "meaningful" or "aggressive" action to prevent such use.

2. Whether a defendant whose generic, widely available services were not used in connection with the specific "act of international terrorism" that injured the plaintiff may be liable for aiding and abetting under Section 2333.

*Twitter* is scheduled for argument on February 22, 2023, and can be expected to be decided by the end of the current Supreme Court Term in June. The Parties expect that the arguments supporting and opposing the forthcoming motions to dismiss will be informed by the Supreme Court's decision in *Twitter*, and it will therefore save expense and promote judicial economy to defer that motion practice until *Twitter* is decided.

Accordingly, the Parties respectfully request that the current stay in this case be continued during the time that the *Twitter* case is pending before the Unites States Supreme Court, and that the Stipulating Defendants' and Defendant CASA's time to move or answer in response to the *Tavera* Complaint or any *Tavera* amended complaint, and all further proceedings in *Tavera* related to the Stipulating Defendants and Defendant CASA, will be stayed until 30 days after the United States Supreme Court's decision in *Twitter*. Following the decision in *Twitter,* the Parties will confer in good faith regarding the most fair and efficient way to proceed in light of such ruling, with all parties' rights in this regard fully reserved.

Respectfully submitted,

Christopher G. Paulos

cc: Hon. LaShann DeArcy Hall; All Counsel via ECF