

LEVIN PAPANTONIO RAFFERTY

Proctor | Buchanan | O'Brien
Barr | Mougey | P.A.

KIMBERLY LAMBERT ADAMS
KATHRYN L. AVILA
BRIAN H. BARR
BRANDON L. BOGLE
W. TROY BOUK
WESLEY A. BOWDEN
VIRGINIA M. BUCHANAN
J. CALEB CUNNINGHAM
SARAH SHOEMAKE DOLES
(LICENSED ONLY IN MISSOURI AND ILLINOIS)
LAURA S. DUNNING
(LICENSED ONLY IN ALABAMA)
JAN K. DURRANI
JEFF R. GADDY
RACHAEL R. GILMER

BRENTON J. GOODMAN
CHELSIE L. GREEN
MARTIN H. LEVIN
ROBERT M. LOEHR
STEPHEN A. LUONGO
M. JUSTIN LUSKO
NEIL E. McWILLIAMS, JR.
PETER J. MOUGEY
TIMOTHY M. O'BRIEN
MIKE PAPANTONIO
SARA T. PAPANTONIO
CHRISTOPHER G. PAULOS
EMMIE J. PAULOS
MADELINE E. PENDLEY
ALYSON M. PETRICK
(LICENSED ONLY IN MISSOURI)

CARISSA PHELPS
(LICENSED ONLY IN CALIFORNIA)
A. RENEE PRESTON
PAGE A. POERSCHKE
(LICENSED ONLY IN ALABAMA)
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
W. CAMERON STEPHENSON
THOMAS A. TAYLOR
REBECCA K. TIMMONS
CHRISTOPHER V. TISI
(LICENSED ONLY IN WASHINGTON, D.C. AND MARYLAND)
BRETT VIGODSKY
SCOTT WARRICK
HILARY WOOD

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)
FREDRIC G. LEVIN (1937-2021)
LEO A. THOMAS (1972-2021)

RETIRED:
M. ROBERT BLANCHARD
CLAY MITCHELL

OF COUNSEL:
WILLIAM F. CASH III
C. ANDREW CHILDERS
ROSS M. GOODMAN
BEN W. GORDON, JR.
LARUBY MAY
WILLIAM B. YOUNG, JR.

June 20, 2023

**VIA CM/ECF**
The Honorable Taryn A. Merkl
United States District Court
For the Eastern District of New York
225 Cadman Plaza East, Room 317 North
Brooklyn, New York, 11201

      Re:   *Tavera, et al. v. HSBC Bank USA, N.A., et al.*, No. 18-cv-07312-LDH-TAM ("*Tavera*")

Dear Judge Merkl:

Plaintiffs, the Stipulating Defendants,[1] and Defendant Crédit Agricole S.A.("CASA")(together, the "Parties"), respectfully submit this joint letter to update the Court now that the Supreme Court has issued its decision in *Twitter, Inc. v. Taamneh, et. al.*, 143 S.Ct. 1206 (May 18, 2023).[2] The Supreme Court issued its opinion on May 18, 2023, which reversed the judgment of the Ninth Circuit and held that plaintiffs failed to state an aiding and abetting claim under JASTA. The Court provided significant guidance on how aiding and abetting claims should be analyzed under JASTA.

On May 8, 2023, a petition for writ of certiorari was filed with the Supreme Court in *Freeman v. HSBC Holdings PLC* (Supreme Court Case No. 22-1117).[3] The *Freeman* petition seeks review of the Second Circuit's January 5, 2023 decision affirming the dismissal of a JASTA conspiracy claim similar to what plaintiffs allege in this case. The Parties previously advised this Court, via joint letter filed on January 31, 2023, of the Second Circuit's decision in *Freeman*. (*See* Dkt. No. 250.)

---

[1] The Stipulating Defendants are HSBC Bank USA, N.A.; HSBC Holdings plc; HSBC Bank plc; HSBC Bank Middle East Limited; HSBC North America Holdings, Inc.; Barclays Bank PLC; Barclays Bank PLC, New York Branch; Standard Chartered Bank; Standard Chartered Bank, New York Branch; The Royal Bank of Scotland N.V.; The Royal Bank of Scotland plc; The Royal Bank of Scotland plc, New York Branch; Credit Suisse AG; Credit Suisse AG, New York Branch; BNP Paribas S.A.; BNP Paribas S.A., New York Branch; Deutsche Bank AG; Deutsche Bank AG, New York Branch; Crédit Agricole Corporate & Investment Bank; Crédit Agricole Corporate & Investment Bank, New York Branch; Commerzbank AG; Commerzbank AG, New York Branch.
[2] A copy of the Supreme Court opinion in *Twitter, Inc. v. Taamneh, et. al.* is attached hereto.
[3] The Petition for Writ of Certiorari can be found in the following link:
https://www.supremecourt.gov/DocketPDF/22/22-1117/266358/20230508154003234_No.%20_%20Petition%20For%20A%20Writ%20Of%20Certiorari.pdf

The questions presented in the *Freeman* petition for certiorari are:

1. Whether a JASTA claim for civil conspiracy requires only that acts of international terrorism be a foreseeable consequence of the terrorism sanctions evasion conspiracy Respondents joined or, as the court below required, that (1) Respondents themselves shared a common intent to commit acts of international terrorism or (2) that the terrorists somehow directly assisted Respondents in evading the terrorism sanctions.

2. Whether JASTA civil conspiracy liability reaches a conspiracy that furthers acts of international terrorism by knowingly enabling material support for FTOs or, as the court below held, only a conspiracy that—conversely—is furthered *by* acts of international terrorism.[4]

Because the factual underpinnings of this case and *Freeman* are similar, and the present case includes a JASTA conspiracy claim, it would be in the interest of judicial efficiency to continue the current stay until the Supreme Court denies certiorari, or grants certiorari and issues a decision on the merits.

The Parties therefore respectfully suggest that a continuation of the current stay of proceedings in the present action pending the outcome in *Freeman* will foster judicial economy and efficiency.

Accordingly, the Parties jointly respectfully request the stay in this case be continued and the Parties be given until 30 days after the Supreme Court either denies the petition in *Freeman* or issues an opinion in *Freeman* to provide the Court with another update.

Respectfully Submitted,

Christopher G. Paulos

cc: Hon. LaShann DeArcy Hall; All Counsel via ECF.

Attachment: *Twitter, Inc. v. Taamneh, et. al.*, 143 S.Ct. 1206 (May 18, 2023).

---

[4] Defendants, many of whom are Respondents to the *Freeman* plaintiffs' petition, dispute those plaintiffs' characterization of the Second Circuit's opinion in *Freeman*, but agree with the present request to continue the stay of this action pending decision on that petition.